**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

Eastern District of Kentucky
FILED

DEC 1 8 2025

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

V.

**INDICTMENT NO.** 5:25 CR 155. REW. MAS

**ROSSEN G. IOSIFOV,**
    **aka ROSSEN IOSSIFOV,**
    **aka RGCoins**

\*    \*    \*    \*    \*

**THE GRAND JURY CHARGES:**

### COUNT 1
**18 U.S.C. § 2232**
**18 U.S.C. § 2**

1.    On or about January 24, 2024, in Fayette County, in the Eastern District of Kentucky and elsewhere,

**ROSSEN G. IOSSIFOV,**
**aka ROSSEN IOSSIFOV,**
**aka RGCoins,**

before, during, and after the seizure of property by the United States Secret Service, knowingly transferred, and aided and abetted in the transfer of, all assets in Kraken Account AA52 N84G XJEB ZCCY, including 4.628306222 bitcoin, for the purpose of preventing and impairing the Government's lawful authority to take said property into its custody and control, all in violation of 18 U.S.C. §§ 2232(a) and 2.

## COUNT 2
### 18 U.S.C. § 1956(h)

2.      From on or about January 20, 2024, until at least on or about December 7, 2024, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

**ROSSEN G. IOSSIFOV,
aka ROSSEN IOSSIFOV,
aka RGCoins,**

knowingly and intentionally conspired and agreed with others to commit offenses against the United States in violation of 18 U.S.C. § 1956, to wit: knowingly conducting and attempting to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity; that is, wire fraud and conspiracy to commit wire fraud, violations of 18 U.S.C. §§ 1343 and 1349, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, all in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Manner and Means

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

3.      **ROSSEN IOSSIFOV, aka ROSSEN G. IOSSIFOV, aka R.G.Coins,** used Kraken Account AA52 N84G XJEB ZCCY, among others, to convert the proceeds of fraud into fiat currency. That underlying fraud and acts in furtherance of that underlying fraud occurred in the Eastern District of Kentucky and elsewhere.

4.      After the United States District Court for the Eastern District of Kentucky

issued an order to forfeit cryptocurrency contained in Kraken Account AA52 N84G XJEB ZCCY in May 2021, **IOSSIFOV** and others began efforts to remove bitcoin from the Kraken Account. **IOSSIFOV** and his co-conspirators transferred the bitcoin through a number of Samourai wallets and cryptocurrency exchanges before portions were converted to fiat currency at a foreign bank account.

All in violation of 18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATION
### 18 U.S.C. § 982(a)(1)

1.    By virtue of the commission of the offense alleged in Count 2 of the Indictment, **ROSSEN G. IOSSIFOV, aka ROSSEN G. IOSSIFOV, aka R.G.Coins,** shall forfeit to the United States any and all property, real or personal, involved in the violation of 18 U.S.C. § 1956 and any property traceable to such property. Any and all interest that **IOSSIFOV** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 982(a)(1).

2.    The property to be forfeited includes, but is not limited to, the following:

**CRYPTOCURRENCY:**

a. All funds held in the Binance Account associated with User ID 840667191 in the name of Biser Georgiev Yosifov;

b. All funds held in the Binance Account associated with User ID 17289013 in the name of Nikolay Krasimirov Kanev;

c. All funds held in the Revolut Account with IBAN LT573250094022124166; and

d. All funds held in the Revolut Account associated with IBAN LT633250013705415085.

**MONEY JUDGMENT:**

A forfeiture money judgment in the amount of $185,688.58, which represents the gross proceeds obtained by the Defendant as a result of the violation of 18 U.S.C. § 1956 alleged herein and/or the amount involved in such violation.

3.     If any of the property listed above, as a result of any act or omission of the Defendant(s), (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court, (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.

███████████████████████

**FOREPERSON**

PAUL C. McCAFFREY
FIRST ASSISTANT UNITED STATES ATTORNEY

## PENALTIES

**COUNT 1:**   Not more than 5 years imprisonment, $250,000 fine or twice the gross gain or loss, and 3 years supervised release.

**COUNT 2:**   Not more than 20 years imprisonment, $500,000 fine or twice the value of the property involved in the offense, and 3 years supervised release.

**PLUS:**       Mandatory special assessment of $100 per count.

**PLUS:**       Restitution, if applicable.

**PLUS:**       Forfeiture, as listed.