UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. :_5:25-cr-155-REW-MAS |
| | ) | |
| v. | ) | |
| | ) | PRETRIAL AND DISCOVERY |
| ROSSEN G. IOSSIFOV | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant having been arraigned and having pleaded not guilty, the Court enters

this general order governing discovery and pretrial procedures for this criminal action.

1.  This matter is assigned for jury trial on **September 14, 2026**, beginning at the hour of **8:30 a.m.**, at the United States District Court in Lexington. Counsel of record and Defendant shall appear at **8:00 a.m.** Trial is anticipated to take three [8] days.

2.  The Court will grant trial continuances only upon properly supported findings required under the Speedy Trial Act (STA), 18 U.S.C. §§ 3161-3174. To that end:

    A.  Any defense motion for a trial continuance must affirmatively indicate, either via the defendant's personally signed statement or via attorney representation of consultation and consent, the defendant's agreement with and request for a continuance on the motion's terms. Any such motion also shall include the factual basis for the request and citation to each and every STA section relied on as a basis for the motion. Unless otherwise ordered, the United States (and any other affected defendant) must respond to any continuance motion **within 5 days**. If a responding defendant does not oppose the motion, the response must affirmatively indicate, via the same mechanics applicable to the moving defendant, the responding defendant's agreement with and request for a continuance on the original motion's or other stated terms.

    B.  Any Government motion for a trial continuance shall include the factual basis for the request and citation to each and every STA section relied on as a basis for the motion. Unless otherwise ordered, any affected defendant must respond to any such motion **within 5 days**. If a responding defendant does not oppose the motion, the response must affirmatively indicate, via the ¶ 2(A) mechanics, the

1

responding defendant's agreement with and request for a continuance on the original motion's or other stated terms.

C.  The Court's calculation of excludable time and processing of continuance requests turn on whether there is a valid basis for appropriate STA findings. The STA language and the public interests protected signify that agreement among the parties will not alone establish a lawful continuance basis.

D.  The Court retains discretion, in appropriate instances, to require a statement personally signed by a moving or responding defendant or to schedule a hearing, with counsel and defendant present, concerning a trial continuance motion.

3.  Defendant shall file any motion for rearraignment **no less than 2 weeks** prior to the commencement of trial. For any untimely motion, defense counsel must file an affidavit explaining the delay. Plea timeliness is a consideration in assessing acceptance of responsibility under the United States Sentencing Guidelines. *See* U.S.S.G. § 3E1.1, app. nn. 1, 6. The Court expects the United States to offer plea agreements, if any, and the parties to otherwise engage in plea negotiations, if any, on a timeline calculated toward, and in a manner respectful of, this deadline.

If the parties intend to proceed pursuant to a written plea agreement, they shall submit a copy of the proposed plea agreement to Chambers via email at wier_chambers@kyed.uscourts.gov **within 2 days** of the filing of a motion for rearraignment. By the same deadline, the parties shall also submit a copy of the proposed plea agreement to the United States Probation Office.

4.  Defensive motions shall be filed **within 30 days** of arraignment. If a superseding indictment necessitates a subsequent arraignment, defensive motions shall be filed by the later of (i) the original 30-day deadline, or (ii) **within 15 days** of the subsequent arraignment. Except as modified via subsequent Order and as detailed in ¶ 2, LCrR 47.1 governs briefing mechanics. If any party perceives a need for a more particularized approach to defensive motion regulation or, in this particular case, a need for an extended deadline, that party may move for an extension or other proper relief.

*Pretrial Discovery and Inspection*

5.  **Within 14 days** of arraignment, counsel shall confer, cover the Rule 16.1(a) topics, and, if requested, the United States shall disclose all information subject to disclosure under Rule 16(a). Disclosure shall occur by **the later of 14 days** after arraignment, **or 7 days** after a defense request for disclosure. **Within 45 days** of arraignment, if requested, the defense shall produce all information subject to disclosure under Rule 16(b). **Within 7 days** of the defense's expert disclosures, if any, the United States shall disclose all expert rebuttal information subject to disclosure under Rule 16(a).

6.    Rule 16(c) and (d) address discovery regulation. The parties shall work cooperatively to resolve disputes but may file any motion(s), as appropriate, regarding the discovery process. Parties shall file such motions in time for effective resolution pretrial.

7.    This Order does not require pretrial Jencks Act disclosures. The Court applies the Jencks Act and Rule 26.2 as written.

8.    The Government shall disclose any known *Brady* material in accordance with Rule 16(a). If Rule 16(a) does not require disclosure, said material shall be disclosed in time for effective use at trial (or, if necessary and appropriate, at sentencing). A failure to disclose *Brady* material in time for effective trial use (or, if necessary and appropriate, at sentencing) may result in a recess or a continuance so that the Defendant may properly assess such evidence.

9.    Upon service of a defensive request for notice of Rule 404(b) evidence, the United States shall provide reasonable notice in advance of trail (subject to Rule 404(b)(2)(B)) of the general nature of any such evidence it intends to introduce at trial. The Court presumes 14 calendar days prior to trial to be reasonable notice.

10.    If the Government is unsure as to the nature of any evidence and the proper time for disclosure, it may request an *in camera* hearing on the question.

*Voir Dire*

11.    The Court will conduct the initial voir dire of prospective jurors. Unless otherwise indicated, each counsel shall be given approximately 15 minutes for any follow-up questioning. The Court may exercise its discretion to shorten individual voir dire in trials involving multiple defendants, or otherwise, or to lengthen the process where appropriate.

    A.    Once the inquiry of the jury panel is completed, the Court will hear motions to strike potential jurors for cause or other excuse. After addressing the motions, the Court will direct the Clerk to remove the names of any jurors stricken or excused from the list of eligible jurors. The Court, if it has not already done so, will then determine the number of alternate jurors and the number of peremptory challenges.

    B.    By random draw, the Clerk will call a round of potential jurors in a number accounting for trial jurors, alternates, and allotted peremptory challenges. The jurors will be seated in the order in which they have been called. The parties will then exercise their respective peremptory challenges, as to the trial jurors and separately as to alternates, utilizing blind simultaneous strikes. The first twelve jurors not stricken will be the jury. Alternate jurors will be designated in the same order, but alternate jurors will not be identified to the jury until after the jury has been instructed and before it retires to deliberate. The parties have until **10 days prior** to trial to file any objections to this jury selection procedure.

12. Records and papers used by the clerk in connection with the jury selection process are available for inspection as necessary to present a motion under subsection (a) or (b) of 28 U.S.C. § 1867. *See* § 1867(f). Thus, challenges to jury composition under § 1867(a) or (b) that are discoverable pretrial must be made **no later than** the pretrial filing deadline in Paragraphs 12–14.

   A. If one or any of the crimes at issue in the case is alleged to have occurred in a Bureau of Prisons facility, the Court will not call any potential juror identified as a current BOP employee, as part of the jury pool, absent a party's objection. Such objection must occur at least 30 days before trial.

*Pretrial Filings*

13. The parties shall file a set of agreed proposed jury instructions <u>in the record</u> **at least 10 days** prior to the commencement of trial. If, after diligent and good faith efforts, the parties are unable to agree on a set of instructions, they must file individually proposed instructions by the same deadline. Any proposed instruction(s) shall cite supporting authorities. Whenever applicable, the parties shall follow Sixth Circuit pattern instructions or explain a variant authority. In instances where a Sixth Circuit pattern instruction does not exist for a certain offense, defense, or other implicated scenario, the parties shall make every effort to submit a joint and agreed upon instruction as to that matter, noting any areas of disagreement and identifying the agreed upon or other governing authority.

14. **At least 10 days** prior to the commencement of trial, the parties shall submit <u>via email</u> at wier_chambers@kyed.uscourts.gov an agreed statement of the case suitable for reading to potential jurors, or, if they are unable to agree, separate statements. This submission should be brief and should identify primary issues raised by the parties (*i.e.*, a basic summary of charges and defenses). The parties may also, by this same deadline, submit <u>via email</u> any proposed topics or questions for the Court's use in voir dire.

15. **At least 10 days** prior to the commencement of trial, the United States shall submit <u>via email</u> to Chambers *in camera* witness and exhibit lists. The witness list(s) should include a good faith estimate of the expected length of each person's direct testimony. The defense, by the same deadline, shall submit via email to Chambers, an *ex parte* witness and exhibit list and/or a list of names of prominence to be used in questioning for connections or conflicts during voir dire. The list, if it includes witnesses, should also include a good faith estimate of the expected length of each person's direct testimony. **At least 10 days** prior to the commencement of trial, both sides shall submit an electronic copy of exhibits to Chambers, pre-marked for identification purposes. Exhibits shall be uploaded utilizing U.S. District Judge Robert E. Wier's secure portal located on the public website: <u>Eastern District of Kentucky | United States District Court</u>. The parties shall also file in the record any stipulation(s) regarding evidence, exhibits, facts, and/or law. By this same deadline, the parties shall

4

also submit to Chambers, through the secure portal, any transcriptions of audio exhibits intended for use at trial.

16. Additionally, **at least 2 weeks** prior to the commencement of trial, the parties must file in the record any motion(s) *in limine* and motion(s) for a final pretrial conference. At any time, a party may move the Court for other deadlines not particularly specified herein (*e.g.*, concerning *Daubert* motion briefing) or for, in a truly complex case, a more granular or segmented case schedule.

    A.    By seven days before trial, counsel must also disclose via email to Chambers any illustrative aid within Federal Rule of Evidence 107 intended for use at trial.

    B.    Any Rule 107 illustrative aid must be in a form that, if practicable, can be captured for the record.

*Defense Services*

17. Defense counsel shall make any *ex parte* applications under 18 U.S.C. § 3006A(e) only via eVoucher, by creating a voucher and attaching any supporting document(s). Unless the Court otherwise directs, counsel shall not file a formal motion in the docket. The Court advises all parties that *ex parte* applications under § 3006A(e) may create excludable time under the Speedy Trial Act, and the parties shall consider that issue in making any STA calculations. *See* § 3161(h)(1).

*Detained Defendants*

18. The Court intends that custody not be an unfair impediment to constitutionally adequate defense preparation. Thus, for a defendant in custody, USMS **shall**, working with the relevant facility, ensure that defense counsel has access to the defendant at reasonable times and for reasonable periods, taking into account the seriousness and complexity of the case and counsel's stated needs. Further, USMS **shall** work with defense counsel and the facility to ensure that the defendant has fair and adequate time and opportunity to review discovery provided by defense counsel and kept, stored, or presented at the facility. This may require, in a particular case, that a defendant receive sufficient time and access to review electronically stored information using, if and as applicable, USMS and facility approved equipment. The Court expects all stakeholders to work cooperatively in this context, and any party may file a motion for or the USMS may seek Court guidance if needed.

19. The parties shall, in coordination with the USMS, timely take any and all required steps to secure a custodial party's or witness's transport to and appearance at any scheduled proceeding, including but not limited to trial, on the date and at the time set by the Court.

    This 8th day of July, 2026.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY